1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  MELISSA K. BROWN (CSBN 203307)
   Assistant United States Attorney
4
   450 Golden Gate Avenue, Box 36055
5  San Francisco, California 94102-3495
   Telephone: (415) 436-6962
6  FAX: (415) 436-6748
   melissa.k.brown@usdoj.gov
7
   Attorneys for Defendants
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

12 LUDWIK CHROBOK,                )   No. CV-09-2890 TEH
13                                )
         Plaintiff,                )   STIPULATION OF SETTLEMENT
14                                )   AND [PROPOSED] ORDER
      v.                          )
15                                )
   UNITED STATES OF AMERICA,      )
16 VETERANS ADMINISTRATION        )
                                  )
17       Defendant.                )
                                  )
18 _____

STIPULATION OF SETTLEMENT AND [PROPOSED] ORDER
CV-09-2890 TEH

It is hereby stipulated by and between each of the undersigned parties, by and through their respective attorneys and representatives, as follows:

**PREAMBLE**

WHEREAS, Plaintiff Ludwik Chrobok ("Plaintiff" or "Chrobok") is a World War II veteran who underwent a right hip replacement at the VA Medical Center ("VA") in San Francisco on June 1, 2006. Following his post surgical treatment at the VA Medical Center in San Francisco, the Plaintiff was transferred to Redwood Convalescent Hospital in Castro Valley California ("Redwood") for physical therapy and rehabilitation.

WHEREAS, Plaintiff was a patient at Redwood from June 12, 2006 to June 22, 2006.

WHEREAS, on June 8, 2007, Plaintiff sued Redwood in California Superior Court for San Mateo County, *see, Chrobok v. Redwood Convalescent Hospital, et al.*, No. HG07329904, for professional negligence and elder abuse (the "State Court Action");

WHEREAS, the Department of Veterans Affairs has filed a lien in the State Court Action;

WHEREAS, on June 26, 2009, Plaintiff sued the United States of America and the Veterans Administration ("Federal Defendants") in the District Court for the Northern District of California pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 ("FTCA") for professional negligence and elder abuse, *see, Chrobok v. the United States, et al.*, C 09-2890 TEH (the "FTCA Action");

WHEREAS, this settlement is entered into by all parties for the purpose of compromising disputed professional negligence and elder abuse claims under the FTCA or state law and avoiding the expenses and risks of further litigation.

**TERMS AND CONDITIONS**

1. **The Settlement Amount**:

   A. Redwood will pay Plaintiff five hundred fifty thousand dollars ($550,000) after the execution of this agreement (the "Settlement Amount"). The sum of $500,000 is allocated to Plaintiff's claim for Elder Abuse, and the sum of $50,000 is allocated to Plaintiff's claim for professional negligence.

STIPULATION OF SETTLEMENT AND [PROPOSED] ORDER
CV-09-2890 TEH                              2

       B. The VA will reduce its lien in the State Court Action to $50,000; and

       C. Plaintiff will pay the VA $50,000 from the proceeds of the Settlement Amount. The check should be made payable to the Dept. of Veterans Affairs. Please mail the check to Darrell McDonald, Office of Regional Counsel (02), San Francisco VA Medical Center, 4150 Clement Street, San Francisco, CA 94121.

  2. **Dismissals:**

       A. Plaintiff will file a dismissal with prejudice in the State Court Action; and

       B. The parties will file a Stipulation of Dismissal with Prejudice and Proposed Order in the FTCA Action.

       C. The United States District Court for the Northern District of California agrees to dismiss the district court action with prejudice.

  3. **No admission of Liability:** This Stipulation is not, is in no way intended to be, and should not be construed as an admission of liability or fault on the part of the Federal Defendants, their agents, servants, or employees, or by Redwood any other defendant in this case, their insurers, or their agents, servants, employees or heirs, and it is specifically denied that they are liable to the plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed medical malpractice and elder abuse claims under the FTCA or state law and avoiding the expenses and risks of further litigation.

  4. **Attorney's Fees:** Plaintiff agrees that any such attorneys' fees, along with any costs and expenses of said action against the Federal Defendants and any costs, expenses, or fees associated with obtaining any court approval of this settlement, shall be paid out of the Settlement Amount paid pursuant to this paragraph and not in addition thereto. Plaintiff agrees that any fees for legal services incurred in this action, and in any court proceedings reviewing the settlement for approval purposes, shall be considered attorneys' fees and not costs, and shall be paid out of the Settlement Amount and not in addition thereto. All settling parties shall bear their own costs and attorneys' fees.

  5. **Liens:** Plaintiff stipulates and agrees that he is legally responsible for any and all past, present, and future liens or claims for payment or reimbursement against him, including any past,

present, and future liens or claims for payment or reimbursement by any public entity or body, including any federal, State, or local government, including Medicare and Medicaid, any insurance company, and any private individual or entity, arising from the injuries that are the subject matter of this action. Plaintiff stipulates and agrees that he will satisfy or resolve any and all past, present, and future liens or claims for payment or reimbursement against him asserted by any public entity or body, including any federal, State, or local government, including Medicare and Medicaid, any insurance company, and any private individual or entity. Plaintiff and his attorneys represent that, as of the date they sign this Stipulation, they have made a diligent search and effort to determine the identity of any individual or entity that has or may have a lien or claim for payment or reimbursement against that plaintiff arising from the injuries that are the subject matter of this action. Plaintiff and his attorneys hereby represent that he is not aware of any liens or claims for payment or reimbursement relating in any way to this action. Plaintiff and his guardians, heirs, executors, administrators, and assigns do hereby further agree to reimburse, indemnify, and hold harmless the United States of America, the United States Department of Veteran's Affairs, and their insurers, agents, servants, and employees, and Redwood, their insurers, agents, servants, employees or heirs, from and against any and all such liens or claims of Plaintiff incident to, or resulting or arising from, the acts or omissions that gave rise to the FTCA Action or the State Court Action by Plaintiff.

6. **Releases**: This settlement resolves all claims or potential claims by any party to this action arising out of the alleged medical malpractice and alleged elder abuse in this litigation, including but not limited to any potential claims for subrogation, indemnity, or contribution by any party or its insurer.

    A.    Plaintiff and his respective guardians, heirs, executors, administrators, and assigns do hereby accept the Settlement Amount set forth above in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including any claims for wrongful death, any claims for pre-judgment or post-judgment interest, and any claims for fees, costs, and expenses, whether incurred in the district court, the court of appeals, or in any other court proceedings, arising from, and by reason of, any and all

known and unknown, foreseen and unforeseen, bodily and personal injuries, death, or damage to property, and the consequences thereof, which the Plaintiff or his heirs, executors, administrators, or assigns may have or hereafter acquire against the Federal Defendants, or their insurers, agents, servants, and employees, or against the Redwood or their insurers, agents, servants, employees or heirs, on account of the same subject matter that gave rise to the FTCA Action and/or the State Court Action.

    1. Plaintiff and his guardians, heirs, executors, administrators, and assigns do hereby further agree to reimburse, indemnify, and hold harmless the Federal Defendants, and their insurers, agents, servants, and employees, and Redwood, their insurers, agents, servants, employees or heirs, from and against any and all such claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statutory) of Plaintiff incident to, or resulting or arising from, the acts or omissions that gave rise to the FTCA Action and/or the State Court Action by Plaintiff.

    2. Plaintiff further warrants that this Stipulation of Settlement extends to and covers claims or causes of action which may arise in the future under California Code of Civil Procedure Section 377.60 upon the death of Plaintiff, whether as heirs of Plaintiff, or otherwise, by reason of any act, cause, matter or thing claimed, alleged, or in any way related to the acts or omissions covered by this Stipulation of Settlement.

    3. Plaintiff represents and warrants that at all times referred to in the FTCA Action and State Court Action and since the time of filing said action, no other person other than Plaintiff had, or has, an interest in the causes of action set forth therein and that Plaintiff has not sold, assigned, transferred, conveyed or otherwise disposed of any claim or demand relating to any matter covered by this Stipulation of Settlement.

    B. Redwood agrees to waive and release any claim or cause of action (whether sounding in tort, contract, statutory, or otherwise) that it has or may have in the future against the United States, its agents, servants, and employees arising out of the subject matter of the above-captioned action or this litigation. This includes any potential claim for subrogation,

contribution, or indemnification. This condition is for the benefit of the United States exclusively.

C. The United States Department of Veteran's Affairs, agrees to waive and release any claim or cause of action (whether sounding in tort, contract, statutory, or otherwise) that it has against Redwood, its insurers, agents, servants, and employees arising out of the subject mater of the State Court Action. This includes any potential claim for subrogation, contribution or indemnification arising only from the State Court Action. No entities other than Redwood, its insurers, agents, servants, and employees are released from such claims by this Paragraph.

1. Notwithstanding any term of this Agreement, specifically reserved and excluded from the scope and terms of this Agreement as to any entity or person (including Redwood and Plaintiff) are the following claims of the United States and United States Department of Veteran's Affairs:

a. Any civil, criminal, or administrative liability arising under Title 26 U.S. Code (Internal Revenue Code);

b. Any criminal liability;

c. Any liability to the United States or the United States Department of Veteran's Affairs for any conduct other than the conduct set forth in the complaint in the State Court Action filed on June 8, 2007 or the FTCA Action filed on June 26, 2009;

d. Any liability based upon such obligations as are created by this Agreement.

7. **Statutory Waiver.**

The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff, having been apprised of the statutory language of Civil Code Section 1542 by his attorneys, and fully understanding the same, nevertheless elect to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of

STIPULATION OF SETTLEMENT AND [PROPOSED] ORDER
CV-09-2890 TEH                                         6

federal law. Plaintiff understands that, if the facts concerning injuries or liability for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

8. **Construction**. Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

9. **Integration Clause**: This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

10. **Complete Defense**: This agreement may be pled as a full and complete defense to any subsequent action or other proceeding which arises out of the claims released and discharged by the agreement.

11. **Enforcement Sole Remedy**: The parties agree that, should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue his original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in the appropriate court.

12. **Severability**. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

13. **Authority to Sign**: The signatories to this Stipulation have actual authority to bind the parties.

14. **Multiple Signature Pages**: It is contemplated that this Stipulation may be executed in several counterparts, with multiple signature pages. All such counterparts and signature pages, together, shall be deemed to be one document.

IT IS SO STIPULATED.

DATED: 8/5, 2010

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

/s/ Melissa Brown

_____
MELISSA K. BROWN
Assistant United States Attorney

Law Office of Cousins and Edington
~~MARK J. ALEXANDER, ESQ.~~
~~Law Offices of Mark J. Alexander~~

/s/ ~~Mark Alexander~~

Dated: 7/27, 2010

~~MARK J. ALEXANDER~~ Nicole M.
Attorneys for the Plaintiff   Edington

ANTHONY D. GHECA, ESQ.
Law Offices of Anthony D. Ghecea

/s/ Anthony D. Ghecea

Dated: 7/27, 2010

_____
ANTHONY D. GHECEA
Attorneys for the Plaintiff

KATHLEEN RHOADS, ESQ.
Gordon Rees, LLP

/s/ Kathleen Rhoads

Dated: 8/5, 2010

_____
KATHLEEN RHOADS
Attorneys for the Defendant,
Redwood Convalescent Hospital

//
//
//

STIPULATION OF SETTLEMENT AND [PROPOSED] ORDER
CV-09-2890 TEH                                   8

```
                                    LUDWIK CHROBOK

Dated: 7-23, 2010                   /s/ Ludwik Chrobok
                                    _____
                                    Plaintiff
```

### APPROVAL BY DEFENDANTS REPRESENTATIVES

JOSEPH A. HART, ESQ.

Dated: _____, 2010

/s/ Joseph Hart
_____
Senior Staff Attorney, Regional Counsel
Veterans Administration, San Francisco, CA

JOSEPH A. HART, ESQ.

Dated: _____, 2010

/s/ ____
_____

Representative for Redwood Convalescent Hospital

### [PROPOSED] ORDER

Upon stipulation of the parties and good cause appearing, IT IS SO ORDERED.

DATED: _____

HONORABLE THELTON E. HENDERSON
United States District Court Judge

LUDWIK CHROBOK

Dated: _____, 2010

_____
Plaintiff

APPROVAL BY DEFENDANTS REPRESENTATIVES

JOSEPH A. HART, ESQ.

Dated: _____, 2010

/s/ Joseph Hart
_____
Senior Staff Attorney, Regional Counsel
Veterans Administration, San Francisco, CA

JOSEPH A. HART, ESQ.

Dated: Aug. 3, 2010

/s/ ____
_____
Representative for Redwood Convalescent Hospital

[PROPOSED] ORDER

Upon stipulation of the parties and good cause appearing, IT IS SO ORDERED.

DATED: 8/5/10 _____
HONORABLE THELTON E. HENDERSON
United States District Judge

*IT IS SO ORDERED. Judge Thelton E. Henderson* (court seal, Northern District of California)